■ WILBUR F. CONNELL, Respondent, v. ARDAN A. BRADT et al., Appellants.— Order dated October 24, 1962, unanimously reversed and judgment thereon set aside and vacated, without costs of this appeal to either party. Appeal from order dated November 26, 1962 dismissed as academic. Memorandum: In this action to recover on a series of notes growing out of a joint venture between the parties, the defendants-appellants, after service of

an answer containing a general denial, moved for summary judgment dismissing the complaint. The affidavits in support of the motion set forth in detail that four years after delivery of the notes the plaintiff brought a declaratory judgment action for an accounting and dissolution of the joint venture in which the parties were engaged. In settlement of that action the defendants executed another series of notes for $15,000, and gave other consideration, all of which was paid in full to the plaintiff. Defendants further set forth an agreement between the parties purporting to release the parties from claims against each other. The affidavits of the plaintiff in opposition to the motion contained statements as to the execution of the notes which are the subject of this action but made no reference to and in no way disputed the averments of the defendants dealing with alleged settlement and release. Notwithstanding the issues of fact raised by these affidavits, Special Term *sua sponte* granted summary judgment to the plaintiff. Defendants promptly moved to reargue their motion and to vacate the order and summary judgment granted plaintiff. Defendants further asked leave to amend their answer to set forth affirmative defenses with reference to the settlement and release. In the argument before Special Term Justice who heard the original motion, the court made this statement: "All I can say that had I known the facts at the original motion, as apparently there is the question about these two sets of notes, which creates an issue of fact as the Court here tells you right away, so you do not have to go into it; I recognize that as an issue of fact." Notwithstanding the recognition by the court of the fact issues in the litigation, the court denied the motion to renew and vacate. The issues of fact urged by defendants in the second motion should have been obvious to Special Term from the affidavits in the first motion. Under these circumstances it was error to have granted summary judgment to the plaintiff. The defendants should have an opportunity, if they are so advised, to move to amend their answer to assert the affirmative defenses set forth in their moving papers so that upon trial all of the issues between the parties can be finally resolved. (Appeal from judgment and two orders of Niagara Special Term in favor of plaintiff in an action on promissory notes. The first order denied defendants' motion for summary judgment and granted summary judgment to plaintiff. The second order denied defendants' motion to reargue motion for summary judgment anew.) Present — Williams, P.J., Bastow, Goldman and Henry, JJ.